UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lennell M. Martin,                                              Civ. No. 08-22 (PAM/JJK)

                  Petitioner,

v.                                                         **MEMORANDUM AND ORDER**

Robert Fanies, Warden of
Rush City Minnesota
Correctional Facility,

                  Respondent.

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated January 9, 2009. In the R&R, the Magistrate Judge recommended that the Court deny the Petition for a Writ of Habeas Corpus in its entirety and dismiss this action with prejudice. Petitioner filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

The R&R extensively details the factual history of Petitioner's claims and this Court will not repeat that history in full here. In brief, Petitioner was convicted in Minnesota state court of first-degree murder and is now serving a life sentence in a Minnesota state correctional facility. Petitioner contends that several aspects of his trial were fundamentally unfair and deprived him of his rights under the United States Constitution.

First, Petitioner contends that the trial judge's communication with the jury outside of his presence violated his right to be present at all critical stages of the trial. As noted by Magistrate Judge Keyes, this issue was presented and fully considered by the Minnesota Supreme Court on Petitioner's direct appeal. That court rejected Petitioner's claim, finding that he had waived his right to be present when he did not object to his counsel's agreement that the judge could communicate with the jury about "housekeeping matters." Minnesota v. Martin, 723 N.W.2d 613, 635 (Minn. 2006).

Next, Petitioner contends that prosecutorial misconduct during the trial infected the proceedings and constituted a violation of his due process rights. Specifically, he takes issue with the prosecutor "assasinat[ing] the character of the Petitioner's witnesses by suggesting that the petitioner and his Mother 'had hampered' the police investigation" of the murder (Obj. at 8) and by making allegedly improper statements made in closing arguments.

Petitioner's third claim is that the police investigation and identification line-up violated his constitutional rights. In particular, he contends that the police failed to preserve the crime scene and certain evidence, and that the police impermissibly coached the eyewitness during a photo line-up. He also claims that it was contrary to the Minnesota Rules of Criminal Procedure for the trial court to allow him to wear a leg brace restraint during trial.

Finally, Petitioner contends that the admission of the victim's statement identifying him as the killer violated his Confrontation Clause rights. As with his claim regarding the judge's communications with the jury, this claim was presented to and fully considered by

the Minnesota Supreme Court in Petitioner's direct appeal of his conviction. The Court found that the statement was a dying declaration, a longstanding exception to the hearsay rules, and that therefore the admission of the statement did not violate Petitioner's rights under the Confrontation Clause.

**DISCUSSION**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") strictly limits a federal court's power to review habeas petitions brought by state-court prisoners. In particular, the AEDPA restricts the Court's review to state-court adjudications of the direct appeal or habeas petition that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**A.    Jury Communications**

Petitioner asserts that the state court's decision on the trial judge's communications with the jury outside the presence of counsel or Petitioner was not contrary to, or an unreasonable application of clearly established United States Supreme Court precedent. In the R&R, Magistrate Judge Keyes noted that Petitioner had failed to raise any on-point United States Supreme Court precedent that was contrary to the Minnesota Supreme Court's determination of the issue. In his Objections, Petitioner points the Court to the dissenting

opinion in his direct appeal, Minnesota v. Martin, 723 N.W.2d 613, 626 (Minn. 2006) (Meyer, J., dissenting), contending that this opinion provides support for his assertion that the state court's decision was contrary to United States Supreme Court precedent. (Obj. at 2.) The dissenting opinion on which Petitioner relies does not support his position, however. Rather, that opinion is based almost exclusively on Minnesota, not federal, law. And, as dissenting Justice Meyer made clear, the right to be present during one's criminal trial is broader under Minnesota law than under the United States Constitution. Martin, 723 N.W.2d at 627 (Meyer, J., dissenting). The United States Supreme Court decisions discussed in the dissenting opinion involve the waiver of a criminal defendant's rights generally and do not address the situation presented in this case. See, e.g., id. at 628 (citing Brady v. United States, 397 U.S. 742, 748 (1970), and Boykin v. Alabama, 395 U.S. 238, 243 (1969)).

AEDPA provides habeas corpus relief only when the state court decision either unreasonably applies federal law or is directly contrary to that law, as determined by United States Supreme Court precedent. 28 U.S.C. § 2254(d). Nothing in Petitioner's submissions, however, points this Court to any relevant United States Supreme Court precedent, and indeed there is no Supreme Court opinion stating that criminal defendants must personally and individually waive their right to be present during all communications between the judge and the jury. As Magistrate Judge Keyes found, Petitioner is not entitled to relief on this claim.

**B.      Prosecutorial Misconduct**

A prosecutor's comments will warrant habeas corpus relief only when those comments so infect the trial as to render the result constitutionally suspect. Roberts v. Bowersox, 137 F.3d 1062, 1066 (8th Cir. 1998). In other words, Petitioner cannot show a violation of his constitutional rights unless he can establish that the result of the trial would have been different absent the alleged prosecutorial misconduct about which he complains. (R&R at 29 (quoting Mack v. Caspari, 92 F.3d 637, 643 (8th Cir. 1996).) The conduct of which Petitioner complains simply does not, as a matter of law, rise to the level of a constitutional violation. This claim of the Petition must be denied.

**C.      Police Misconduct**

As Petitioner acknowledges, the police misconduct he alleges violates due process only if the police acted in bad faith. See Boykin v. Leapley, 28 F.3d 788, 793 (8th Cir. 1994) (A "state's failure to preserve evidence does not constitute a denial of due process unless the state acted in bad faith, the evidence had apparent exculpatory value and comparable exculpatory evidence was not reasonably available to the defendant."). Petitioner asks the Court to assume bad faith from the involved officers' years of experience, which apparently should have prevented them from making the alleged errors. The Court cannot, however, assume that police officers acted in bad faith. Petitioner must come forward with more than hypothesis to succeed on his Petition. His failure to do so mandates the dismissal of this claim.

Petitioner also contends that the fact that he wore a leg brace restraint under his

clothes during the trial violated his constitutional rights. It is not clear that Petitioner presented this argument to the state courts and thus it is likely that this contention is procedurally defaulted. Weeks v. Bowersox, 119 F.3d 1342, 1349 (8th Cir. 1997) ("A state prisoner wishing to raise claims in a federal petition for a writ of habeas corpus ordinarily must first present those claims to the state court . . . ."). Even if the contention was not defaulted, however, it has no merit. The only law Petitioner cites is Minnesota Rule of Criminal Procedure 26.03, which prohibits a criminal defendant from appearing in court in restraints without permission of the judge. Even assuming that the trial judge's decision to allow Petitioner to wear a restraint under his clothing violated Minnesota law, Petitioner has not established that such a decision violated any federal law. Federal habeas corpus relief is not available absent a violation of federal law. Petitioner's claim on this point is denied.

**D.      Admission of Victim's Statement**

Petitioner's final argument is that the state court erred in determining that the victim's statement identifying him as one of the perpetrators was admissible as a dying declaration. Again, this Court's review of the issue is restricted by AEDPA, and thus Petitioner must establish that the state court's decision on this issue was contrary to or an unreasonable application of United States Supreme Court precedent.

In the R&R, Magistrate Judge Keyes comprehensively discussed the pertinent caselaw regarding a criminal defendant's Confrontation Clause rights. The R&R points out that the two most recent United States Supreme Court cases on the Confrontation Clause both mention that dying declarations are a well-recognized exception to the hearsay rules and as

such, the admission of such statements does not violate a criminal defendant's rights under the Confrontation Clause. (R&R at 27-28 (discussing <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), and <u>Giles v. California</u>, 128 S. Ct. 2678 (2008)).) Thus, the Minnesota Supreme Court's determination that the admission of the victim's statement did not violate Petitioner's constitutional rights is clearly not contrary to or an unreasonable application of United States Supreme Court precedent, and Petitioner is not entitled to relief on this claim.

**CONCLUSION**

Petitioner has failed to establish that the state courts acted in derogation of federal law. As Magistrate Judge Keyes concluded, the Petition must be denied.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Docket No. 23) is **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

3. This matter is **DISMISSED with prejudice**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: <u>Monday, April 20, 2009</u>

                                                *s/ Paul A. Magnuson*
                                                Paul A. Magnuson
                                                United States District Court Judge